IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,280

STATE OF KANSAS,
*Appellant*,

v.

PROMISE DELON REDMOND,
*Appellee*.

SYLLABUS BY THE COURT

1.

Article I, § 10 of the United States Constitution provides that no state shall pass any ex post facto law. Ex post facto laws include retroactively applied legislation that makes more burdensome the punishment for a crime, after its commission.

2.

The constitutional prohibition on ex post facto laws applies only to penal statutes.

3.

To determine whether the retroactive application of a statutory scheme violates the Ex Post Facto Clause, a court first determines the legislature's intention. If a statutory scheme was intended to be punitive, it cannot be applied retroactively under any circumstances.

4.

If the legislature intended to enact a regulatory scheme that is civil and nonpunitive, the next inquiry is whether the statutory scheme is so punitive either in

1

purpose or effect as to negate the State's intent to deem it civil. If a statutory scheme is punitive in effect, the Ex Post Facto Clause prohibits it application retroactively.

5.

The Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, as amended in 2011, is punitive in effect, and the amended statutory scheme cannot be applied retroactively to any sex offender who committed the qualifying crime prior to July 1, 2011.

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed April 22, 2016. Affirmed.

*Brett Watson*, assistant district attorney, argued the cause, and *Jodi Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellant.

*Jeffrey G. Dazey*, of Northeast Kansas Conflict Office, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: The State of Kansas appeals the district court's dismissal of criminal charges against Promise Delon Redmond for failing to register as a sex offender, as required by the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. The district court determined that Redmond had completed his registration requirements at the time of the alleged crimes because the 2011 amendments to KORA could not be retroactively applied to Redmond without violating the Ex Post Facto Clause of the United States Constitution.

2

Pursuant to K.S.A. 20-3018(c), we transferred the case from the Court of Appeals and decide it the same day as two related cases, *Doe v. Thompson*, 304 Kan. ___, ___ P.3d ___ (No. 110,318, this day decided), and *State v. Buser*, 304 Kan. ___, ___ P.3d ___ (No. 105,982, this day decided). Consistent with our holdings in those companion cases, we determine that KORA's statutory scheme after the 2011 amendments was so punitive in effect as to negate the implied legislative intent to deem it civil, so that the Ex Post Facto Clause precludes its application to any sex offender who committed the qualifying crime prior to July 1, 2011. Accordingly, we affirm the district court.

FACTUAL AND PROCEDURAL OVERVIEW

On December 13, 2001, Redmond pled no contest to one count of indecent solicitation of a child 14 to 15 years old, then a severity level 7, person felony. See K.S.A. 21-3510 (Furse 1995). Redmond was sentenced to a term of 13 months' imprisonment, but the district court suspended his sentence and placed Redmond on probation for 24 months. The district court also found that Redmond was required to register as a sex offender.

Under the 2001 version of KORA, Redmond was required to register for 10 years "from the date of conviction." K.S.A. 2001 Supp. 22-4906(a)-(b). Accordingly, prior to the 2011 amendments, Redmond's registration term would have expired on December 13, 2011. Under the 2011 amendments, Redmond's crime of conviction requires registration for 25 years, which would make his term of registration expire in 2026. K.S.A. 2011 Supp. 22-4906(b)(1)(B).

On November 6, 2012, the State charged Redmond with three counts of violating KORA. Each count alleged Redmond failed to report in person:  the first failure to report on or about September 1, 2012; the second failure to report on or about March 1, 2012;

3

and the third failure to report on or about June 1, 2012. All three dates were outside the original 10-year registration period.

Redmond filed three motions to dismiss, two of which raised procedural due process issues that are not involved in this appeal. The motion to dismiss at issue here raised the question of whether the charges against Redmond violated the constitutional prohibition against ex post facto laws. The State responded to the motions, Redmond filed a notice of additional authority, and then the parties requested leave to submit the motion on their briefs. Thereafter, the district court granted Redmond's motion to dismiss on ex post facto grounds and declared the other motions to be moot. The State timely appealed to the Court of Appeals, and this court transferred the appeal.

RETROACTIVE APPLICATION OF KORA 2011 AMENDMENTS

The 2011 version of KORA's statutory scheme stated that it applied to any person who was convicted of any sexually violent crime on or after April 14, 1994. See K.S.A. 2011 Supp. 22-4902(b) (defining "sex offender"). Indecent solicitation of a child is statutorily designated as a "sexually violent crime." K.S.A. 2011 Supp. 22-4902(c)(6). Accordingly, Redmond's 2001 conviction purportedly made him subject to the additional and enhanced provisions of the 2011 statutory scheme, including the increased time period from 10 years to 25 years for first-time offenders.

But legislative acts must comport with our federal and state constitutions, and Article I, § 10, of the United States Constitution provides, in relevant part, that "[n]o State shall . . . pass any . . . ex post facto Law." One category of ex post facto laws is ""any statute . . . which makes more burdensome the punishment for a crime, after its commission."" *State v. Todd*, 299 Kan. 263, 277, 323 P.3d 829 (2014) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S. Ct. 68, 70 L. Ed. 2d 216 [1925]). Yet, "[t]he

4

constitutional prohibition on ex post facto laws applies only to penal statutes." *State v. Myers*, 260 Kan. 669, 677, 923 P.2d 1024 (1996). So the question becomes whether KORA is punitive.

The district court determined that the amended statutory scheme was "uniquely punitive" for Redmond and that the subsequently added burdens placed upon Redmond for a previously committed crime violated the Ex Post Facto Clause.

*Standard of Review*

The district court relied on constitutional grounds to find that the 2011 version of KORA could not be applied to Redmond. "When the application of a statute is challenged on constitutional grounds, this court exercises an unlimited, de novo standard of review. *State v. Myers*, 260 Kan. 669, 676, 923 P.2d 1024 (1996)." *State v. Cook*, 286 Kan. 766, 768, 187 P.3d 1283 (2008).

*Analysis*

In reaching its decision, the district court applied the analytical framework from this court's prior decision in *Myers* and the United States Supreme Court's prior decision in *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003). That framework is referred to as an "intent-effects" test. See, *e.g.*, *Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001).

Under the intent-effects test, a court must first determine legislative intent. "If the intention of the legislature was to impose punishment, that ends the inquiry." *Smith*, 538 U.S. at 92. The statute is penal and cannot be applied retroactively.

5

But if the legislature's intention was to enact "a regulatory scheme that is civil and nonpunitive," the court must then "examine whether the statutory scheme is '"so punitive either in purpose or effect as to negate [the State's] intention" to deem it "civil."'" *Smith*, 538 U.S. at 92 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S. Ct. 2072, 138 L. Ed. 2d 501 [1997]). For the effects part of the test, the court utilizes the factors identified in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 544, 9 L. Ed. 2d 644 (1963) (*Mendoza-Martinez* factors), as "useful guideposts." *Smith*, 538 U.S. at 97.

In determining legislative intent, the district court first noted that KORA does not contain an expressed statement of purpose. The district court then looked to *Myers*, which had held that the legislative history of the 1994 Kansas Sex Offender Registration Act (KSORA) suggested that the act served the nonpunitive purpose of public safety. 260 Kan. at 681. The district court then determined that the Kansas Legislature also "likely meant" to enact KORA as a "civil, regulatory scheme," and proceeded to the "effects" portion of the test. In *Doe v. Thompson*, 304 Kan. ___, ___ P.3d ___ (No. 110,318, this day decided), slip op. at 31, we observed that we had not been pointed to any subsequent legislative history for KORA that would contradict *Myers*' determination of the nonpunitive legislative intent for KSORA. In like fashion, we affirm the district court's holding below that the legislative intent of KORA was nonpunitive.

For the "effects" analysis, the district court was guided by the *Mendoza-Martinez* factors, which it recited from *Myers*, as follows:

> "'[1] Whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment—retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be

6

connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned.'" *Myers*, 260 Kan. at 681.

With respect to the first factor, the district court opined that the in-person reporting requirements and the registration fees assessed subjected KORA registrants to an affirmative disability or restraint. The court pointed out that a person who lives, works, and attends school in different counties would have to report in person 12 times a year, which resembled parole or probation. The court found the reporting requirements imposed upon an offender's time and served as a physical restraint. Further, the court noted that the registration fees were a substantial cost to the registrant, adding up to between $2,000 and $6,000 over the course of the unalterable 25-year registration period. Moreover, that cost would be particularly burdensome if the offender suffered employment difficulties because of the notification provisions of KORA. The district court also pointed to other states which had found similar statutory schemes to work an affirmative disability or restraint on the offender.

With respect to the historical nature of the punishment, the district court found persuasive the analogy to the colonial punishment of shaming made by the Indiana court in *Gonzales v. State*, 980 N.E.2d 312, 318-19 (Ind. 2013). The district court also noted that *Myers* had quoted from Nathaniel Hawthorne's The Scarlet Letter, indicating the historical aspect of treating public notification as punishment.

For the rest of the factors, the district court did not make a detailed recitation on the record, referring on occasion to the defendant's arguments. With respect to excessiveness, the district court appeared to find that the added requirements were particularly excessive and punitive when applied to Redmond.

What the district court did not clarify is that we are applying a federal constitutional provision, so that Kansas state courts are duty-bound to follow the decisions of the United States Supreme Court when interpreting the United States Constitution. See, *e.g.*, *Trinkle v. Hand*, 184 Kan. 577, 579, 337 P.2d 665, *cert. denied* 361 U.S. 846 (1959) (Under Article VI of the United States Constitution, "the interpretation placed on the Constitution and laws of the United States by the decisions of the supreme court of the United States is controlling upon state courts and must be followed.").

*Smith* considered an Ex Post Facto Clause challenge to the Alaska Sex Offender Registration Act (ASORA), utilizing the intent-effects test. The Court found the intent of the Alaska Legislature was to enact a civil and nonpunitive law. Then, applying five of the *Mendoza-Martinez* factors, *Smith* determined that the offenders had failed to show "that the effects of the law negate Alaska's intention to establish a civil regulatory scheme," so that the act was nonpunitive and its retroactive application did not violate the Ex Post Facto Clause. 538 U.S. at 105-06. Accordingly, for us to find KORA punitive, we must find it factually distinct from ASORA.

In *Thompson*, which is filed this same date, we listed the significant differences between the 2011 KORA and the ASORA reviewed in *Smith*, some of which were mentioned by the district court. Those differences included the following: KORA applies to a broader group of offenders; KORA requires frequent in-person reporting regardless of whether registration information has changed since the last reporting; KORA requires a longer registration period for some first-time offenders; KORA requires additional registration information; KORA requires changed information to be reported in person within 3 days; KORA requires additional information to be disseminated to the public; KORA imposes potentially costly registration fees; KORA requires advance notice for travel outside the United States; KORA requires annual driver's license renewal and

offenders subject to KORA must have a distinguishing number on their licenses; parents subject to KORA must disclose that status in any proceeding determining child custody, residency, and parenting time; and KORA imposes severe, person felony sanctions for violating any KORA provision. *Thompson*, slip op. at 32-35.

Then, we reviewed the factually distinct KORA, as amended in 2011, in light of the *Mendoza-Martinez* factors, in the manner employed by *Smith*, albeit with a different end result. We first determined that the statutory scheme resembled traditional forms of punishment by being akin to public shaming and by replicating the circumstance of being on probation or parole. *Thompson*, slip op. at 37-38. The latter circumstance also imposed an affirmative disability or restraint on the offender, as did the difficulties in obtaining employment and housing caused by KORA. Moreover, the financial obligations were punitive in effect, when viewed from an offender's perspective. Slip op. at 39-40. Next, we determined that the current KORA had a deterrent effect and was retributive in character, before opining that KORA was not rationally connected to the nonpunitive purpose of public safety. In other words, the statutory scheme is excessive in relation to its regulatory purpose. Slip op. at 43. Consequently, we determined that the 2011 version of KORA is punitive in effect and that the amended statutory scheme cannot be applied retroactively to any sex offender who committed the qualifying crime prior to July 1, 2011. Slip op. at 44.

Applying *Thompson*'s holding to the facts before us, we find that Redmond's 10-year registration period could not be retroactively increased to 25 years; that Redmond had completed his registration requirements under the law in effect when he committed his crime by the dates of his alleged failure to report; and that, without a statutory duty to report, Redmond could not be prosecuted for failing to report. Consequently, the district court's dismissal of the charges against Redmond is affirmed.

Affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

\* \* \*

BILES, J., dissenting:  I dissent from the majority's decision in this case for the reasons more fully stated in my dissent in *Doe v. Thompson*, 304 Kan. ___, ___ P.3d ___ (No. 110,318, this day decided). As explained there, I believe the majority asks and answers the wrong question. Whether the Kansas Offender Registration Act (KORA) as amended in 2011 violates the Ex Post Facto Clause of the United States Constitution is entirely a federal question. We should apply the abundant federal caselaw where possible to inform the analysis. The majority's approach disregards that caselaw.

As explained in my *Thompson* dissent, the applicable federal caselaw considers similar burdens under other offender registration schemes. It compels me to conclude that the 2011 KORA amendments do not violate the federal Ex Post Facto Clause and the United States Supreme Court would so hold. Accordingly, I must dissent.

NUSS, C.J., and LUCKERT, J., join in the foregoing dissent.

---

[1]**REPORTER'S NOTE:**  Senior Judge Malone was appointed to hear case No. 110,280 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.