NOT DESIGNATED FOR PUBLICATION

No. 112,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL L. AKINS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN E. SANDERS, judge. Opinion filed May 26, 2017.
Affirmed.

*Daniel E. Monnat*, of Monnat & Spurrier, Chtd., of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  Michael L. Akins, Jr., entered a plea of no contest to one count of abuse of a child for sexual abuse of his stepdaughter committed in 2009. In 2014, the district court found beyond a reasonable doubt that the crime was sexually motivated and informed Akins of the requirement that he register as a sex offender for 15 years pursuant to the Kansas Offender Registration Act (KORA) then in effect, K.S.A. 2013 Supp. 22-4906(a)(1)(K). Akins appeals, arguing that the 10-year term in place at the time he committed the crime should be applied instead of the 15-year term in effect at the time of sentencing and that the retroactive application of the 2011 amendments to KORA is barred by the Ex Post Facto Clause of the United States Constitution.

1

The Ex Post Facto Clause of the United States Constitution prohibits state and federal governments from retroactively imposing additional punishment for a criminal offense. U.S. Const. art. 1 §§ 9-10. For applying this clause, the definition of "punishment" is crucial. A series of three Kansas Supreme Court cases—"the Ex Post Facto cases"—held that KORA sex offender registration is punishment for purposes of ex post facto analysis. See *State v. Redmond*, 304 Kan. 283, 371 P.3d 900 (2016); *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016).

However, the court then expressly overruled these cases on this point and found that "the provisions of KORA at issue here are not punitive for purposes of applying our federal Constitution." *State v. Petersen-Beard*, 304 Kan. 192, 196, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016).

Akins acknowledges *Petersen-Beard*, but argues that "the majority's holding in *Petersen-Beard* is unpersuasive." Akins quotes Justice Johnson's dissent extensively for this point. Obviously, the dissenting opinion has no precedential effect on this court. If the holding in *Petersen-Beard* needs to be refined, modified, or overturned, it is the province of the Kansas Supreme Court to effect that change, and until that happens, this court is duty bound to follow Supreme Court precedent. *State v. Vrabel*, 301 Kan. 797, 809-10, 347 P.3d 201 (2015). Accordingly, we affirm the district court's imposition of a 15-year registration requirement.

Affirmed.