IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,520

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MEREDITH,
*Appellant.*

SYLLABUS BY THE COURT

1.

The legislature intended the Kansas Offender Registration Act (KORA) to be civil and nonpunitive for all classes of offenders.

2.

Because the legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 11, 2014. Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed August 4, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, argued the cause, and *Adam D. Stolte,* of the same office, was with him on the briefs for appellant.

*Bethany C. Fields*, deputy county attorney, argued the cause and *Barry Wilkerson,* county attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

1

The opinion of the court was delivered by

STEGALL, J.:  When Steven Meredith committed his qualifying drug offense, the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*., required him to register for 10 years. However, the 2011 KORA amendments extended Meredith's registration period to 15 years. For the first time on appeal, Meredith argues that any retroactive imposition of the 15-year registration period violates the Ex Post Facto Clause of the United States Constitution. But the Ex Post Facto Clause is implicated only when *punishment* is retroactively imposed. We hold that the legislature intended KORA to be a civil, nonpunitive remedial scheme, and Meredith has failed to demonstrate by the clearest proof that KORA's effects on drug offenders are sufficient to overcome the legislature's nonpunitive intent. Therefore, we conclude that the current 15-year KORA registration period applies to Meredith. Accordingly, we affirm and remand for correction of the 2013 nunc pro tunc journal entry of judgment that states otherwise.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2009, Meredith pled no contest to possession of methamphetamine with intent to distribute in violation of K.S.A. 2008 Supp. 65-4161(a). At the time Meredith committed the offense, KORA required him to register as an offender for 10 years. See K.S.A. 22-4902(a)(11)(C); K.S.A. 22-4906(a)(1). The district court sentenced Meredith to 24 months' probation and imposed an underlying 30-month prison sentence.

Although the court did not inform Meredith of his duty to register as a drug offender at the plea hearing or sentencing, the 2009 journal entry of judgment stated that Meredith was required to register. However, the journal entry erroneously stated that Meredith violated K.S.A. 65-4159 or K.S.A. 65-7006 and "such manufacture or possession was for personal use." The offender registration supplement attached to the

2

journal entry showed that Meredith was required to register, but the second page—which would specify the length of registration—is missing from the record on appeal. Thus, the court did not pronounce—and the journal entry did not specify—the number of years Meredith was required to register.

Over the next few years, Meredith struggled to successfully complete his probation. On May 21, 2012, the court terminated Meredith's probation when it discovered that Meredith had tested positive for methamphetamine. The court did not reference Meredith's KORA registration requirement in either open court or in the probation revocation journal entry of judgment.

On February 15, 2013, Meredith moved through counsel "for clarification on the status of the defendant's need to register." In the motion, Meredith noted that he was not informed of any duty to register at the time of his conviction or sentencing. Upon his release from prison in 2012, however, the Department of Corrections ordered Meredith to register. According to the motion, Meredith had since registered. The motion did not assert an ex post facto violation but simply asked the court to "hold a hearing on the matter for final determination." The 2011 KORA amendments had purportedly increased Meredith's registration period to 15 years. See K.S.A. 2011 Supp. 22-4906(a).

On June 4, 2013, the district court held a hearing on Meredith's motion. Defense counsel began the hearing by asking: "I just have two questions to ask the Court: 1.) Whether or not Mr. Meredith should have to register; and 2.) If he does have to register, under which rule should he be registering?" Regarding the first question, the court reviewed the transcript from the plea hearing and concluded it did not make a finding that the possession was for Meredith's personal use. Thus, the court rejected this rationale for not applying KORA.

Regarding the second question, defense counsel argued:

"Just to clarify for Mr. Meredith, since he was convicted in 2008, and sentencing journal entry reflect that, at the time, I believe he had to register for 10 years as a drug offender . . . . But we're looking now, five years later, once he's finally notified he has to register, and he's been in compliance since January of this year. Which rules would apply to him? He would ask that the 2008 ones apply."

The court ultimately concluded that "the current laws all apply, and there is a three-day window for him reporting most changes in his life. And for the timeframe, 15 years applies." The court ordered that a nunc pro tunc order be prepared to correct the error in the 2009 journal entry of judgment that Meredith was convicted of K.S.A. 65-4159 or K.S.A. 65-7006. The court further found that Meredith was subject to KORA's requirements and the current version of the Act applied.

The district court then filed the 2013 nunc pro tunc entry of judgment, which fixed the error in the original entry but erroneously stated that Meredith's registration period was for 10 years rather than 15 years. Meredith appealed from the June 4, 2013, decision, arguing for the first time that retroactively imposing the increased registration period of 15 years on him violates the Ex Post Facto Clause.

The Court of Appeals affirmed, first holding that the ex post facto claim was procedurally barred because Meredith's counsel did not raise the issue before the district court. The court also affirmed the case on the merits, holding that the current version of KORA does not violate the Ex Post Facto Clause. Lastly, the court remanded the case to the district court to correct the length of registration error through a nunc pro tunc journal entry. *State v. Meredith*, No. 110,520, 2014 WL 3397182, at *4 (Kan. App. 2014) (unpublished opinion).

4

We granted Meredith's petition for review.

ANALYSIS

As the Court of Appeals noted, Meredith's ex post facto claim is unpreserved because he failed to raise it in district court. See, *e.g.*, *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (generally, "alleged constitutional violations cannot be raised for the first time on appeal"). Furthermore, Meredith has failed to cite a preservation exception on appeal. See 301 Kan. at 1043 ("an exception must be invoked by the party asserting the claim for the first time on appeal"); Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). However, Meredith filed his brief before we cautioned in *State v. Williams*, 298 Kan. 1075, 319 P.3d 528 (2014), that "[f]uture litigants should consider this a warning and comply with Rule 6.02(a)(5) by explaining why an issue is properly before the court if it was not raised below—or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." 298 Kan. at 1085. As such, we will afford Meredith the benefit of an exception. *State v. Swint*, 302 Kan. 326, 335, 352 P.3d 1014 (2015).

Meredith argues that retroactive imposition of KORA's 15-year registration period on him—as a drug offender—violates the Ex Post Facto Clause. We recently resolved analogous questions in the context of sex offender registration. In *State v. Petersen-Beard*, 304 Kan. 192, Syl. ¶¶ 1-2, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), we concluded that lifetime sex offender registration does not constitute "punishment" for purposes of applying the federal Constitution and therefore could not violate federal or state constitutional prohibitions against cruel and unusual *punishment*. In so holding, we recognized that "if KORA's lifetime sex offender registration requirement is punishment for either ex post facto or double jeopardy purposes, it must necessarily also be punishment for Eighth Amendment purposes. The reverse would likewise be true." 304

Kan. at 196. In *State v. Reed*, 306 Kan. ____, ____ P.3d ____ (No. 110,277, this day decided), slip op. at 8, we explicitly extended the *Petersen-Beard* holding from an Eighth Amendment context to an ex post facto context. That is, KORA registration for sex offenders is not punishment and, therefore, retroactive application of KORA's tolling provision in K.S.A. 22-4906(b) to sex offenders does not violate the Ex Post Facto Clause. 306 Kan. at ____, slip op. at 8.

Meredith asks us to deviate from the course we charted in *Petersen-Beard* and *Reed* and hold that KORA registration *is*, in its effect, punishment for the class of offenders to which he belongs—drug offenders. However, the record in this case is insufficiently developed for Meredith to persuasively argue KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders. Because Meredith has failed to meet his burden, we affirm.

"The constitutionality of a statute is a question of law over which this court exercises plenary review." *Petersen-Beard*, 304 Kan. at 194. We begin with the presumption that KORA is constitutional. As we stated in *Petersen-Beard*:

> "'We presume statutes are constitutional and must resolve all doubts in favor of a statute's validity.' *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014). 'It is not the duty of this court to criticize the legislature or to substitute its view on economic or social policy; it is the duty of this court to safeguard the constitution.' *State ex rel. Six v. Kansas Lottery*, 286 Kan. 557, 562, 186 P.3d 183 (2008)." 304 Kan. at 194.

Article I, § 10 of the federal Constitution states: "No State shall . . . pass any . . . ex post facto Law." Any statute "which makes more burdensome the punishment for a crime, after its commission . . . is prohibited as *ex post facto*." *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S. Ct. 68, 70 L. Ed. 216 (1925); see *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87, 138, 3 L. Ed. 162 (1810) ("An *ex post facto* law is one which renders an act

6

punishable in a manner in which it was not punishable when it was committed."). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto:* it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. [Citations omitted.]" *Weaver v. Graham*, 450 U.S. 24, 29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981). The retroactive increase in the severity of punishment may violate the Ex Post Facto Clause. *State v. Cook*, 286 Kan. 766, 771, 187 P.3d 1283 (2008).

In *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003), the United States Supreme Court summarized and restated the well-established "intent-effects test" to determine whether a statutory scheme is punishment for ex post facto purposes:

> "We must 'ascertain whether the legislature meant the statute to establish "civil"
> proceedings.' *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997). If the intention of the
> legislature was to impose punishment, that ends the inquiry. If, however, the intention
> was to enact a regulatory scheme that is civil and nonpunitive, we must further examine
> whether the statutory scheme is '"so punitive either in purpose or effect as to negate [the
> State's] intention" to deem it "civil."' *Ibid.* (quoting *United States v. Ward*, 448 U.S. 242,
> 248-249 (1980)). Because we 'ordinarily defer to the legislature's stated intent,'
> *Hendricks*, *supra*, at 361, '"only the clearest proof" will suffice to override legislative
> intent and transform what has been denominated a civil remedy into a criminal penalty,'
> [citations omitted]."

If the legislature's intent is nonpunitive, courts must evaluate the actual effect of the act in question using the seven factors outlined in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963). In so doing, the court must decide whether those effects furnish the "clearest proof" that the scheme is punitive

7

despite the legislature's intent. *Smith*, 538 U.S. at 92; *Petersen-Beard*, 304 Kan. at 195. The *Mendoza-Martinez* factors are:

> "Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter*, whether its operation will promote the traditional aims of punishment— retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned." 372 U.S. at 168-69.

We have repeatedly held that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme. In *State v. Myers*, 260 Kan. 669, 681, 923 P.2d 1024 (1996), we concluded that the legislative history of KORA's predecessor, the Kansas Sex Offender Registration Act (KSORA), revealed a nonpunitive public safety purpose. In *Doe v. Thompson*, 304 Kan. 291, 317, 373 P.3d 750 (2016), *overruled by Petersen-Beard*, 304 Kan. 192, we determined that KORA's intent was nonpunitive because "*Myers* found a nonpunitive purpose of public safety in the legislative history of KSORA" and the defendant "points us to no subsequent legislative history that would lead us to overturn *Myers*' holding on the intent portion of the analysis." *Petersen-Beard* did not disturb this holding and affirmed that the legislature intended lifetime sex offender registration to be nonpunitive. 304 Kan. at 195.

Likewise here, no subsequent legislative history leads us to deviate from these holdings, which remain compelling for the classes of non-sex offenders identified in the current iteration of KORA—drug and violent offenders. Accordingly, we hold that the legislature intended KORA registration for all classes of offenders to be civil and nonpunitive.

Thus, "[b]ecause the legislature did not intend for KORA's lifetime sex offender registration scheme to be punishment, we must next turn to the effect of those provisions to determine whether, by '"the clearest proof,"' those effects '"override legislative intent."'" *Petersen-Beard*, 304 Kan. at 195 (quoting *Smith*, 538 U.S. at 92). In light of *Petersen-Beard* and *Reed*, the precise question before us is whether there is any reason in fact or law to treat the three classes of offenders—sex, drug, and violent—differently during the effects analysis. We have already held—after a full consideration of the available facts presented in the *Thompson/Petersen-Beard* line of cases—that there is insufficient proof of the punitive effects of KORA on the class of sex offenders to override the nonpunitive legislative intent. Therefore, any member of a non-sex offender class subject to KORA must demonstrate conclusively that the act as applied to a non-sex offender has a significantly different *effect*—*i.e.*, it is punitive. Here, Meredith fails to demonstrate that significantly different effect.

Instead, Meredith presents essentially the same arguments we considered and rejected in *Petersen-Beard* without drawing a material distinction between drug and sex offenders that would persuade us that KORA has a punitive effect on drug offenders. He argues broadly that drug offenders present less public safety risk than sex offenders, making KORA registration more burdensome for drug offenders. But, the record is not factually developed to support such sweeping assertions—perhaps because the issue is only raised for the first time on appeal.

Similarly, in *Smith*, the Supreme Court rejected the lower courts' conclusion that the Alaska sex offender registration scheme would make offenders completely unemployable, stating: "This is conjecture. . . . The record in this case contains no evidence that the Act has led to substantial occupational or housing disadvantages for former sex offenders that would not have otherwise occurred through the use of routine background checks by employers and landlords." 538 U.S. at 100. Without a factual

9

record before us, we likewise cannot accept Meredith's speculative arguments as "clear proof" that his obligation to register under KORA is punitive.

An analysis of the *Mendoza-Martinez* factors requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions—*i.e.*, the legitimacy of the public safety interests at stake, the effectiveness of the alternative purpose to promote public safety, etc. Indeed, in *Smith* the Supreme Court relied in part for its holding on social science data concerning recidivism and public safety. 538 U.S. at 105. We do not have access to similar data concerning drug or violent offenders in the record as it has been presented to us.

As such, we cannot conduct a full and fair analysis using the *Mendoza-Martinez* factors in the instant case because Meredith produced no factual record and made no arguments below concerning KORA's punitive effects on drug offenders as a class distinct from sex offenders. In the absence of such a record, we are obligated to conclude that Meredith has failed to demonstrate by the clearest proof that KORA registration has a punitive effect on drug offenders. Therefore, we affirm that Meredith is subject to the current 15-year registration requirement and remand for correction of the 2013 nunc pro tunc journal entry of judgment to reflect this.

Our holding today does not fully foreclose future ex post facto challenges to KORA registration for non-sex offenders. But, we emphasize that non-sex offenders who hope to satisfy the *Mendoza-Martinez* factors must produce a record that distinguishes— by the "clearest proof"—the effects of KORA on those classes of offenders from the Act's effects on sex offenders as a class.

Affirmed and remanded.

10

***

BEIER, J., dissenting:  I respectfully dissent from the majority's decision in this case.

In the four Kansas Offender Registration Act cases argued before *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016)—that is, in *State v. Redmond*, 304 Kan. 283, 371 P.3d 900 (2016); *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016); and *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), all of which dealt with sex offenders and application of the federal Ex Post Facto Clause, and in *State v. Charles*, 304 Kan. 158, 372 P.3d 1109 (2016), which dealt with a violent offender and the necessity that a jury find all facts necessary for imposition of certain punishments under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—I agreed with three of my colleagues that Kansas' offender registration requirement constitutes punishment.

I would have extended the holdings of those four cases in *Petersen-Beard*, which asked whether the requirement of offender registration constituted not only punishment but also cruel and unusual punishment under the Eighth Amendment. I therefore joined Justice Lee A. Johnson's dissent in *Petersen-Beard*, explicitly agreeing with the result he would have reached and implicitly agreeing with all of the merits-based arguments Justice Johnson advanced to support his result. *Petersen-Beard*, 304 Kan. at 211-25 (Johnson, J., dissenting).

I decline to change course today. Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a

11

drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us. Defendant Steven Meredith has met any burden of proof that he bears on this point, and his term of registration could not be extended by legislative action after its original imposition by the district judge. Its 5-year extension by application of the 2011 amendments to KORA violated the Ex Post Facto Clause.

ROSEN and JOHNSON, JJ., join the foregoing dissent.