IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,702

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA HAROLD WATKINS,
*Appellant.*

SYLLABUS BY THE COURT

1.

The legislature intended the Kansas Offender Registration Act (KORA) to be civil and nonpunitive for all classes of offenders.

2.

Because the legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 22, 2014. Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 8, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Patrick H. Dunn and Adam D. Stolte*, of Kansas Appellate Defender Office, were on the briefs for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

BILES, J.: Joshua H. Watkins was convicted of aggravated assault on a law enforcement officer, felony fleeing and eluding, and driving while suspended. He was required to register under the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, based on the district court's finding that he used a deadly weapon in the commission of the offenses. Watkins presents two arguments on appeal: (1) because the registration requirements constitute an increased penalty for his offenses, the requirements could not be imposed based on the judicial factfindings under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and (2) the court erred by imposing an increased sentence based on his criminal history, which was not proved to a jury beyond a reasonable doubt.

The persuasiveness of Watkins' deadly-weapon-finding *Apprendi* claim turn on whether KORA's requirements constitute punishment for his underlying aggravated assault on a law enforcement crime. We have rejected similar claims and do so again in this case. See *State v. Meredith*, 306 Kan. __, __ P.3d __ (No. 110,520, filed August 4, 2017), slip op. at 10; *State v. Huey*, 306 Kan. __, __ P.3d __ (No. 109,690, filed August 11, 2017), slip op. at 8. We reject Watkins' criminal-history *Apprendi* claim as we have repeatedly done in many other cases. See, *e.g.*, *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 (2016); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). We will not address that issue further in this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Watkins pleaded no contest to aggravated assault on a law enforcement officer, a level 6 person felony; fleeing and eluding, a level 9 nonperson felony; and driving while suspended, a class B misdemeanor. The district court sentenced him to 37 months'

2

imprisonment and 24 months' postrelease supervision. The court further ordered Watkins to register under KORA because it found he used a truck as a deadly weapon in the commission of the aggravated assault. Watkins timely appealed.

For the first time on appeal, Watkins argued the registration requirements violated his Sixth and Fourteenth Amendment rights because the predicate deadly weapon finding was not submitted to a jury and proved beyond a reasonable doubt. And he asserted the same error regarding the district court's use of his criminal history at sentencing. Watkins acknowledged he did not raise these issues to the district court. He nonetheless argued both arguments could be brought for the first time on appeal because they turn on a legal question, citing *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002).

The Court of Appeals addressed his arguments on the merits because doing so was "'necessary to serve the ends of justice or to prevent the denial of fundamental rights'" *State v. Watkins*, No. 110,702, 2014 WL 4231269, at *1 (Kan. App. 2014) (unpublished opinion) (citing *State v. Tague*, 296 Kan. 993, 1000, 298 P.3d 273 [2013] [listing three exceptions to the general prohibition of arguments raised for the first time on appeal]). The panel rejected both claims. See 2014 WL 4231269, at *4-5.

Watkins petitioned for review of the panel's decisions on his ex post facto and *Apprendi* claims, which we granted. Jurisdiction is proper. K.S.A. 20-3018(b) (petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (providing Supreme Court jurisdiction over cases subject to review under K.S.A. 20-3018).

3

In *Meredith*, we held that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme. We further held that, to overcome that intent, only the "clearest proof" concerning the effects of KORA on the class of drug or violent offenders would suffice. 306 Kan. at __, slip op. at 4. Watkins made no such showing. His arguments are at best the same ones that were not persuasive in *Huey,* and we have previously considered similar arguments and held that lifetime registration requirements imposed on sex offenders do not constitute punishment. See *State v. Petersen-Beard*, 304 Kan. 192, 201-02, 205, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016). But see 304 Kan. at 218 (Johnson, J., dissenting) (arguing registration requirements with which compliance enforced by potential for "going to prison for a new felony" constituted an affirmative disability or restraint on the offender). We hold Watkins failed to make the required showing, so we have no basis upon which to override the legislative intent previously determined in our caselaw.

Because it is necessary for Watkins to establish KORA's requirements constitute punishment to prevail on both his deadly weapon-use-finding *Apprendi* claim, his inability to do so is fatal. Relying on *Meredith*, we applied in *Huey* the same principles in rejecting the defendant's argument that a factual finding required to trigger KORA requirements with respect to a conviction must comport with *Apprendi*. 306 Kan. at __, slip op. at 3.

Without a factual record, we cannot conclude that KORA's registration requirements as to violent offenders are so punitive as to override the legislature's intent that KORA be a civil remedy. Therefore, Watkins has not demonstrated, as he must, that the registration requirements constitute punishment. And because the registration

4

requirements did not increase his punishment under the law of this case, it was not necessary that the deadly weapon-use finding be made by a jury.

Affirmed.

STEGALL, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

* * *

MALONE, J., concurring: I write separately to express my disagreement with this court's decision in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), and its progeny, but explain how the principle of stare decisis now compels me to concur with the majority opinion in this case.

In September 2014, as a senior judge, I was assigned to the Supreme Court to hear and decide cases until a vacancy on the court was permanently filled. See K.S.A. 20-2616(b) ("A retired justice or judge so designated and assigned to perform judicial service or duties shall have the power and authority to hear and determine all matters covered by the assignment."); see also Kan. Const. art. 3, § 6(f) ("The supreme court may assign a district judge to serve temporarily on the supreme court."); Rule 601B, Application, III (A) (2017 Kan. S. Ct. R. 429) ("A retired judge under contract to the senior judge program shall be deemed a part-time judge.").

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 110,702 vice Justice Stegall under the authority vested in the Supreme Court by K.S.A. 20-2616.

In that capacity, I sided with the majority opinions in *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016), *State v. Redmond*, 304 Kan. 283, 371 P.3d 900 (2016), and *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), holding that the 2011 KORA statutory scheme was punitive and retroactive application to sex offenders violated the Ex Post Facto Clause. Likewise in *State v. Charles*, 304 Kan. 158, 179, 372 P.3d 1109 (2016), I agreed with the majority that violent offender registration is punishment and its imposition required a jury finding regarding the use of a deadly weapon under *Apprendi*.

Before these opinions were filed, Court of Appeals Judge Caleb Stegall was sworn in to fill the vacancy on the Supreme Court which ultimately changed the balance of the court on this issue. Justice Stegall authored *Petersen-Beard*, wherein the newly constituted permanent court held lifetime postrelease registration for sex offenders was *not* punishment for purposes of the Eighth Amendment and Section 9 of the Kansas Constitution Bill of Rights. 304 Kan. at 209. All of the opinions were filed on the same day. However, the *Petersen-Beard* majority overruled contrary holdings in *Buser*, *Redmond,* and *Thompson*. 304 Kan. at 192-93. Also, the *Charles* court acknowledged that *Petersen-Beard* may influence future reliance on it as precedent. 304 Kan. at 179.

Two subsequent cases cited in this opinion were decided by the full permanent court, and they are potentially at odds with my reasoning in *Buser/Thompson/Redmond/Charles*. In *Meredith,* the majority held the defendant failed to demonstrate that KORA registration was punishment for drug offenders by offering the "clearest proof" to overcome the legislature's nonpunitive civil intent. 306 Kan. at __, slip op. at 2. In *Huey*, the majority held that *Charles* was not "viable authority" that KORA was not punitive for violent offenders; that Huey did not demonstrate that the registration requirements constituted punishment; and thus the factual finding that he used a deadly weapon did not need to be decided by a jury. 306 Kan. at __, slip op. at 3. The basis for these decisions rests in part on the reasoning of *Petersen-Beard*.

6

Prior to becoming a permanent member of this court, then Judge Stegall sat on the Court of Appeals panel that rendered the *per curiam* decision we are now reviewing. Accordingly, Justice Stegall recused himself from this case and I am once again serving in his stead. In this regard I am faced with two choices: (1) hold that *Petersen-Beard, Meredith*, and *Huey* were wrongly decided, once again changing the composition of the majority resulting in different results for different defendants; or (2) concurring with the majority opinion based on caselaw subsequently decided by the full permanent court. The doctrine of stare decisis compels the latter.

This court does "not overrule precedent lightly and must give full consideration to the doctrine of stare decisis." *State v. Sherman*, 305 Kan. 88, 107, 378 P.3d 1060 (2016).

> "Once a point of law has been established by a court, it will generally be followed by the same court and all courts of lower rank in subsequent cases when the same legal issue is raised. Stare decisis operates to promote system-wide stability and continuity by ensuring the survival of decisions that have been previously approved by a court. The application of stare decisis ensures stability and continuity—demonstrating a continuing legitimacy of judicial review. Judicial adherence to constitutional precedent ensures that all branches of government, including the judicial branch, are bound by law."

> "Stare decisis is not a rigid inevitability but a prudent governor on the pace of legal change. A court of last resort will follow that rule of law unless clearly convinced it was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent." 305 Kan. 88, Syl. ¶¶ 2, 3.

Additionally, in my role as a judge assigned to hear this case, I am mindful of Chief Justice McFarland's admonition: "While fidelity to the doctrine of stare decisis is not an 'inexorable command,' we should be highly skeptical of reversing an earlier decision *where nothing has changed except the composition of the court*." (Emphasis

7

added.) *State v. Marsh*, 278 Kan. 520, 577, 102 P.3d 445 (2004) (McFarland, C.J., dissenting), *rev'd and remanded on other grounds* 548 U.S. 163, 126 S. Ct. 2516, 165 L. Ed. 2d 429 (2006), *vacated in part on other grounds on remand* 282 Kan. 38, 102 P.3d 445 (2006).

While I strongly stand by the position that KORA's statutory scheme is so punitive in effect that it negates the ostensibly implied legislative intent to deem it civil, *Thompson*, 304 Kan. at 327-28, I respectfully recognize that the full court's majority has clearly spoken on this matter since my participation in *Buser/Thompson/Redmond/Charles*. To add to Chief Justice McFarland's caution, my assignment to this case does nothing but temporarily change the composition of the court. Indeed, many other KORA cases are pending before the full permanent court, so accepting *Petersen-Beard*, *Meredith*, and *Huey* as binding precedent in this case will ensure "stability and continuity" of prior decisions. Whereas, departing from this precedent would cause more harm than good because it would result in conflicting opinions by this court creating uncertainty and diminishing the legitimacy of continuing judicial review. 305 Kan. 88, Syl. ¶¶ 2, 3.

The doctrine of stare decisis compels my concurrence in this case. Under *Petersen-Beard, Meredith*, and *Huey*, Watkins has not demonstrated that KORA registration requirements for violent offenders are punishment and thus he was not entitled to relief under *Apprendi*.

\* \* \*

BEIER, J., dissenting: Consistent with my earlier votes in *State v. Huey*, 306 Kan. __, __ P.3d __ (No. 109,690, filed August 11, 2017), slip op. at 8-9, and in related cases, see *State v. Meredith*, 306 Kan. ___, ___ P.3d __ (No. 110,520, filed August 4, 2017),

8

slip op. at 11-12; *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), I respectfully dissent from the majority's decision in this case.

As I have previously written:

"Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, dissenting).

Defendant Joshua Harold Watkins has met any burden of proof he bears on whether the imposition of the requirement of registration qualifies as punishment. Under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny, Watkins cannot be subjected to that requirement on the basis of a judge-made fact finding that he used a deadly weapon. I would therefore vacate the requirement.

ROSEN and JOHNSON, JJ., join the foregoing dissent.

9