NOT DESIGNATED FOR PUBLICATION

No. 117,741

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMIEN M. TERRELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed August 10, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM: Damien M. Terrell appeals the district court's decision denying his motions to correct an illegal sentence. For the reasons stated herein, we affirm the district court's judgment.

In 2011, Terrell pled guilty to possession of cocaine and marijuana, a drug tax stamp violation, and two offender registration violations. The district court imposed a 120-month underlying prison sentence, although the court granted a dispositional departure to probation. Terrell filed no appeal.

1

In 2013, Terrell admitted to violating the terms of his probation. The district court revoked his probation and ordered him to serve the original 120-month sentence.

In 2013, Terrell filed several pro se motions, some of which were motions to correct an illegal sentence. In the motions to correct an illegal sentence, Terrell claimed that he was convicted of crimes in violation of the Ex Post Facto Clause of the United States Constitution and that his convictions were accorded incorrect severity levels for sentencing purposes. The district court summarily denied the motions.

Terrell appealed the denial of his motions to correct an illegal sentence, filing three separate docketing statements. This court consolidated the three cases under case No. 111,197. After briefings, show-cause orders, and responses, this court summarily affirmed the district court's judgment by order dated June 24, 2016, finding that the issue on appeal was controlled by *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). Following the denial of Terrell's petition for review, the appellate clerk issued the mandate on June 29, 2017.

Meanwhile, on May 10, 2016, Terrell filed another motion to correct an illegal sentence. And on August 19, 2016, Terrell filed a "motion for reclassifying severity level," which amounted to another motion to correct an illegal sentence. These motions are the subject of this appeal. The 2016 motions covered the same subject matter as the 2013 motions. Specifically, Terrell argued that, with respect to his offender registration convictions, retroactive application of the 2011 amendments to the Kansas Offender Registration Act (KORA) violated the Ex Post Facto Clause. The State filed responses to the motions and argued that the district court lacked jurisdiction to consider Terrell's motions because his appeal on the same subject matter was still pending. On September 9, 2016, the district court summarily denied Terrell's motions, adopting the State's responses as its findings of fact and conclusions of law. Terrell timely appealed.

On appeal, Terrell claims the district court erred in summarily denying his motions to correct an illegal sentence. Terrell renews his argument that his offender registration convictions violated the Ex Post Facto Clause and because the convictions are null and void, the resulting sentences are illegal. Terrell acknowledges that the Kansas Supreme Court has held that a motion to correct an illegal sentence is not a proper vehicle to challenge an underlying conviction. He goes on to argue, for the first time on appeal, that the district court should have liberally construed his motions to correct an illegal sentence as motions for an arrest of judgment under K.S.A. 22-3503.

The State argues that the district court did not err in denying Terrell's motions on jurisdictional grounds. The State raises no procedural objection to Terrell's argument for the first time on appeal that his motions to correct an illegal sentence should have been liberally construed as motions for an arrest of judgment under K.S.A. 22-3503. But the State argues this statute does not apply and provides Terrell with no relief. Alternatively, the State argues that Terrell's underlying ex post facto claim is without merit.

K.S.A. 2017 Supp. 22-3504(1) provides that the court may correct an illegal sentence at any time. Our Supreme Court has defined an "illegal sentence" as "(1) a sentence imposed by the court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013); see K.S.A. 2017 Supp. 22-3504(3). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

We will first address the State's argument that the district court lacked jurisdiction to consider Terrell's 2016 motions to correct an illegal sentence. The State argues that because the district court lacked jurisdiction to address the motions, this court lacks

3

jurisdiction as well. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

The State argues that the district court lacked jurisdiction to consider Terrell's 2016 motions because his appeal on the same subject matter was still pending. We disagree. The district court lost jurisdiction to modify its orders denying Terrell's 2013 motions to modify an illegal sentence once Terrell docketed his appeals in those cases. See *State v. McDaniel*, 255 Kan. 756, 761, 877 P.2d 961 (1994). But this does not mean that the district court lacked jurisdiction to address Terrell's 2016 motions, even though the motions covered the same subject matter as the motions on appeal. Granted, Terrell's 2016 motions were successive and probably barred by res judicata, but the district court at least had jurisdiction to dispose of the motions on those grounds. Because the district court had jurisdiction to address Terrell's 2016 motions to correct an illegal sentence, this court has jurisdiction to address the issue raised in this appeal.

Although we agree with Terrell that we have jurisdiction over his appeal, we nonetheless find that the district court did not err in summarily denying his motions to correct an illegal sentence. If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

First, as Terrell acknowledges in his brief, our Supreme Court has held in many cases that a motion to correct an illegal sentence is not a proper vehicle for a defendant to challenge his or her underlying conviction, which is what Terrell is doing here. See, e.g., *State v. Sims*, 294 Kan. 821, Syl. ¶ 1, 280 P.3d 780 (2012). We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467

4

(2015). There being no such indication, we find that Terrell may not properly raise this issue under K.S.A. 2017 Supp. 22-3504.

Recognizing this procedural barrier, Terrell argues that the district court should have liberally construed his motions to correct an illegal sentence as motions for an arrest of judgment. There are two applicable statutes governing arrest of judgment. K.S.A. 2017 Supp. 22-3502 provides that the court on motion of a defendant shall arrest judgment if the complaint, information, or indictment does not charge a crime or if the court lacks jurisdiction over the crime charged. But a motion for arrest of judgment under K.S.A. 2017 Supp. 22-3502 must be filed within 14 days after the verdict or finding of guilt, and Terrell acknowledges that his motions failed to meet this deadline.

Terrell argues that the district court should have liberally construed his motions as motions for an arrest of judgment under K.S.A. 22-3503, as this statute does not have the same time limits as those specified in K.S.A. 2017 Supp. 22-3502. But as the State points out, K.S.A. 22-3503 does not apply because that statute applies only to sua sponte relief granted by the district court; the statute does not apply to motions filed by a defendant. In other words, there is no such thing as a defense motion to arrest judgment under K.S.A. 22-3503, and our Supreme Court has so held. See *State v. Sellers*, 301 Kan. 540, 547, 344 P.3d 950 (2015) (holding that K.S.A. 22-3503 is not a procedural vehicle supporting a defense motion for arrest of judgment). Thus, Terrell's argument that the district court should have liberally construed his motions to correct an illegal sentence as motions for an arrest of judgment under K.S.A. 22-3503 provides him with no relief.

Finally, as the State points out in its brief, Terrell's underlying ex post facto claim has been rejected by the Kansas Supreme Court. In *State v. Redmond*, 304 Kan. 283, Syl. ¶ 5, 371 P.3d 900 (2016), *State v. Buser*, 304 Kan. 181, Syl. ¶ 5, 371 P.3d 886 (2016), and *Doe v. Thompson*, 304 Kan. 291, Syl. ¶ 7, 373 P.3d 750 (2016), a majority of the Kansas Supreme Court held that KORA, as amended in 2011, is punitive in effect, and

5

the amended statutory scheme cannot be applied retroactively to any sex offender who committed the qualifying crime before July 1, 2011. This is the exact argument Terrell made in his motions to correct an illegal sentence with respect to his offender registration convictions, only as applied to his requirements to register as a drug offender.

Unfortunately for Terrell, the holdings in *Redmond*, *Buser*, and *Thompson* were all overruled by the Kansas Supreme Court on the same day these opinions were filed by the majority's decision in *Petersen-Beard*, 304 Kan. 192, Syl. ¶ 1. In *Petersen-Beard*, our Supreme Court reasoned that the Legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, so KORA's lifetime sex offender registration requirements are not punishment for purposes of applying either the United States Constitution or the Kansas Constitution. See 304 Kan. at 194, 209. In a later decision, *State v. Meredith*, 306 Kan. 906, Syl. ¶ 1, 399 P.3d 859 (2017), our Supreme Court held that the Legislature intended KORA to be civil and nonpunitive for all classes of offenders, including drug offenders such as Terrell. So even if Terrell could overcome the procedural obstacles that bar his motions to correct an illegal sentence, he still loses on the merits of his underlying claim that, with respect to his offender registration convictions, retroactive application of the 2011 amendments to KORA violated the Ex Post Facto Clause.

Affirmed.